IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARREN L. CEPHAS,
    Plaintiff,

v.

DELAWARE COUNTY PRISON, et al.,
    Defendants.

Civil Action

No. 10-0081

November 4, 2010

## MEMORANDUM

  On January 20, 2010, Darren Cephas filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Delaware County Prison, George W. Hill Correctional Facility. Service by waiver was not effected, and a summons was effected by the U.S. Marshals Service on February 22, 2010. *See* Docket No. 6. On March 8, 2010, Cephas filed a letter seeking to add Frank Green, Warden, and requesting three million dollars in compensation. Docket No. 7. Delaware County Prison filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 15, 2010. Docket No. 10. On July 28, 2010, Cephas filed a responsive "Brief to continue complaint" in which he also sought to add the name of the prison law clerk, Dana Keith. Docket No. 11.

  Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to "amend its pleading

as a matter of course within . . . 21 days after serving it." Rule 15(a)(1)(B) permits amendments as a matter of course within "21 days after service of a motion under Rule 12(b)." Cephas's two requests to add parties were timely under these provisions. First, Cephas's letter seeking to add Frank Green as a defendant was filed within 21 days after service of the complaint. Second, Cephas's responsive brief "to continue the complaint" was filed within 21 days after service of the prison's Rule 12(b) motion, and in that brief, he requested that Dana Keith be added as a defendant. Furthermore, he renewed his request to add Warden Green in response to the prison's argument in its Rule 12(b) motion that a person, and not the institution, should have been sued under § 1983.

That said, although it is clear that Cephas wishes to add these two individuals as defendants, it is not entirely clear from his filings what, exactly, he alleges these additional defendants did that would subject them to liability under § 1983. Therefore, I will grant leave of court to Cephas until December 15, 2010, to file an amended complaint against all defendants he wishes to sue (prison, warden, prison law clerk, etc.) that lays out precisely how each defendant is alleged to have violated his civil rights. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (holding "that *in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile").