UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN L. CEPHAS,<br><br>                Plaintiff,<br><br>v.<br><br>DELAWARE COUNTY PRISON, et al.,<br><br>                Defendants. | CIVIL ACTION<br><br>No. 10-0081 |

**MEMORANDUM & ORDER**

I.

On January 20, 2010, Darren Cephas filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Delaware County Prison, George W. Hill Correctional Facility ("the Prison"). Docket No. 3. The Prison filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on July 15, 2010. Docket No. 10. On July 28, 2010, Cephas filed a "Brief to continue complaint" in opposition to Defendants' motion to dismiss. Docket No. 11. On November 5, 2010, this court granted Cephas leave to amend his complaint to "lay[] out precisely how each defendant is alleged to have violated his civil rights." Docket No. 12.

Cephas filed an amended complaint on December 13, 2010, which named as defendants Frank Green, Warden of the Prison, and Dana Keith, Law Clerk at the Prison. Am. Compl. ¶ 1, Docket No. 14. In the amended complaint, Cephas alleges that Green

1

and Keith (1) did not give Cephas "equal opportunity time to visit the Law Library" because Cephas was only able to visit the Library once every two weeks,[1] and (2) have not kept current legal forms available to the inmates. Am. Compl. ¶¶ 1, 2. Further, Cephas alleges that Keith gave the inmates the "wrong materials," and hid law books. Am. Compl. ¶¶ 3, 4. On January 3, 2011, Defendants filed another motion to dismiss under Rule 12(b)(6), Docket No. 16, which is currently pending before the court.

II.

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus plaintiffs must include "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The court will liberally construe Cephas's allegations because he is a *pro se* plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, Cephas will be granted leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

---

[1] The court infers that Cephas is a member of the workers' block. Cephas alleges that the "workers['] block" was only able to visit the law library once every two weeks, whereas the "regular inmates" were able to visit the library weekly. Am. Compl. ¶ 1.

III.

Prisoners have a constitutional right of "access the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  A plaintiff alleging that he has been denied such access must plead that he has suffered an "actual injury." *Id.* at 349.  Specifically, the plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351.  Moreover, the relevant legal claim must be a direct appeal from the conviction for which the plaintiff is incarcerated or a § 1983 claim, and should not be frivolous. *Id.* at 354, 353 n.3.  This is not a low bar; general allegations of a deficient law library are insufficient. *Id.* at 360 ("[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance.").

In light of the relevant standards, Cephas has submitted an inadequate pleading.  He has not specifically alleged that he suffered an actual injury as a result of a hindered appeal or § 1983 claim.  Cephas has, however, made the allegation that "the Courts send Legal motions back because Legal paper [sic] are outdated." Am. Compl. ¶ 2.  While this allegation is vague, it may allude to a viable claim of denial of access to the courts if Cephas can establish that he has had a legal claim hindered because of the Defendants' actions.  Accordingly, the court will dismiss the amended complaint with leave to amend.

\* \* \* \*

**AND NOW**, this _11_ day of July, 2011, it is hereby **ORDERED** as follows:

(1) The Defendant's motion to dismiss, docket No. 16, is **GRANTED**, and Plaintiff's complaint is **DISMISSED** without prejudice;

(2) Plaintiff may file an amended complaint no later than thirty (30) days from the date of this Order; and

(3) Plaintiff's request for counsel, Docket No. 15, is **DENIED** without prejudice.

BY THE COURT:

_/s/ Louis H. Pollak_
Pollak, J.