IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARREN L. CEPHAS,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 10-81 |
| v. | : | |
| | : | |
| **DELAWARE COUNTY PRISON, et al.,** | : | |
| Defendants. | : | |
| | : | |

**Goldberg, J.**                                                                                     October 25, 2012

**MEMORANDUM OPINION**

In this pro se civil rights action, Plaintiff, Darren L. Cephas, claims that Defendants, Delaware County Prison, George W. Hill Correctional Facility ("the Prison"); Frank Green, Warden of the Prison; and Dana Keith, Law Clerk at the Prison, violated his constitutional right of access to the courts.

Presently before the Court is Defendants' "Motion to Dismiss/Motion for Summary Judgment" (Doc. No. 20). For reasons set forth below, we will grant Defendants' motion for summary judgment and dismiss the action.[1]

**I. Procedural Background**

On January 20, 2010, Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 against the Delaware County Prison, George W. Hill Correctional Facility. (Doc. No. 3.) On March 8, 2010, Plaintiff filed a letter seeking to add Frank Green, Warden, and requesting three million dollars in compensation. (Doc. No. 7.) The Prison filed a motion to dismiss under Federal Rule of Civil

---

[1] As the motion for summary judgment is dispositive, we need not address Plaintiff's motion to dismiss and will therefore deny it as moot.

Procedure 12(b)(6) on July 15, 2010. (Doc. No. 10.) On July 28, 2010, Plaintiff filed a "Brief to Continue Complaint" in opposition to the motion, in which he also sought to add the name of the prison law clerk, Dana Keith. (Doc. No. 11.) On November 5, 2010, the late Honorable Louis H. Pollak granted Plaintiff leave to amend his complaint to "lay[] out precisely how each defendant is alleged to have violated his civil rights." (Doc. No. 12).

Plaintiff filed an amended complaint on December 13, 2010, which named as defendants the Prison, Frank Green and Dana Keith. (Doc. No. 14.) On January 3, 2011, Defendants filed another motion to dismiss under Rule 12(b)(6). (Doc. No. 16.) On July 11, 2011, Judge Pollak dismissed Plaintiff's complaint without prejudice, and again granted Plaintiff leave to amend his complaint (Doc. No. 18.)

Plaintiff filed a second amended complaint on August 29, 2011. (Doc. No. 19.) The complaint, read as broadly as possible to give deference to Plaintiff's pro se status, asserts that (1) the Delaware County Prison's law library provided Plaintiff with outdated legal forms, which Green and Keith failed to rectify, resulting in rejection of his 28 U.S.C. § 2255 motion, delay in having to re-file the motion, hindrance to Plaintiff's efforts to receive bail and defend a separate criminal action, and creation of high levels of stress; and (2) Keith hid a book from Plaintiff.[2] On September 19, 2011, Defendants filed a motion to dismiss/motion for summary judgment, which is currently pending before the Court. (Doc. No. 20.)[3]

---

[2] We recognize that Plaintiff has filed previous complaints, which we have reviewed. To the extent that Plaintiff's prior complaints raise additional allegations, we note that they do not affect the disposition of this motion.

[3] This matter was reassigned to me on May 18, 2012.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record" showing a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A). The non-moving party cannot resist a properly supported motion for summary judgment by merely restating the allegations of the complaint. Jones v. Beard, 145 Fed. Appx. 743, 745-46 (3d Cir. 2005). It must refer to specific facts in the record and may not "rely on unsupported assertions, conclusory allegations, or mere suspicions." Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)). Moreover, where "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Where there is a genuine dispute, the facts must be viewed in the light most

favorable to the non-moving party. Id.

**III. Discussion**

It is well-established that prisoners have a constitutional right of "access to the courts." Lewis v. Casey, 518 U.S. 343, 350 (1996). A plaintiff claiming that he has been denied such access must demonstrate that he has suffered an "actual injury." Id. at 349. An actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. Aruanno v. Main, 467 Fed. Appx. 134, 137 (3d Cir. 2012) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Moreover, the relevant legal claim is limited to a direct or collateral appeal from the conviction for which the plaintiff is incarcerated and a § 1983 claim. Lewis, 518 U.S. at 354. The "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. The actual injury requirement is not a low bar; general allegations of a deficient law library are insufficient. Id. at 351 (stating that the actual injury requirement cannot be satisfied "simply by establishing that [the] prison's law library . . . is subpar in some theoretical sense," as an inmate enjoys "no abstract, freestanding right to a law library or legal assistance.").

Defendants move for summary judgment, arguing that Plaintiff has failed to allege a proper "actual injury." Specifically, Defendants assert that Plaintiff's federal court dockets[4] demonstrate that, contrary to Plaintiff's allegations, the Court provided Plaintiff with the correct forms to pursue a 28 U.S.C. § 2255 motion. Defendants point out that Plaintiff was permitted to submit the forms and did so in a timely manner, and that Plaintiff later voluntarily withdrew his motion. Defendants

---

[4] (1) Defendants point to United States v. Cephas, No. 08-163 (E.D. Pa.) and United States v. Cephas, No. 09-2893 (3d Cir.).

4

further contend that the dockets reflect that Plaintiff was able to fully litigate his direct appeal, and Plaintiff does not allege to the contrary. Finally, Defendants argue that Plaintiff's allegation that the alleged problems with his § 2255 motion interfered with his ability to receive bail and defend a separate criminal action is not sufficient to state an "actual injury."

Plaintiff responds by reiterating his allegations.[5] He emphasizes that Defendants' actions caused a hindrance to his legal claims in that his motions were not accepted by the Court and that he was unable to file his appeal motions and bail motions in a timely manner.[6]

While "[t]he allegations of a *pro se* litigant are generally held to a 'less stringent standard' than formal pleadings prepared by a lawyer," United States v. Albinson, 356 F.3d 278, 284 n. 9 (3d Cir. 2004), pro se litigants are nonetheless required to comply with the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure. See Zilich v. Lucht, 981 F.2d 694, 696 (3d Cir. 1992). Absent record evidence to rebut Defendants' claim and demonstrate genuine issues of material fact, summary judgment is appropriate.

In light of the relevant standards and the evidence before us, we find that Defendants are entitled to summary judgment. First, any allegations that Plaintiff was unable to pursue his § 2255 motion are disproved by Plaintiff's federal court docket. A review of the district court docket clearly demonstrates that Plaintiff was not prevented from pursuing a § 2255 motion.[7]

---

[5] We note that Plaintiff filed a "Motion State a Claim" (Doc. No. 23) in response to Defendant's motion, which we will construe as Plaintiff's response in opposition.

[6] Plaintiff also attaches a letter to his "Motion State a Claim," in which he indicates a request for counsel. We will deny Plaintiff's request.

[7] We note that Plaintiff's district court docket also indicates that he filed a "Brief to 2255 Habeaus [sic] Corpus Motion" on July 30, 2012, about ten months after Defendants filed the instant motion. This most recent filing is not mentioned by Plaintiff in the case before us, and, in

Further, to the extent that Plaintiff's reference to "appeal motions" in his response in opposition includes his direct appeal, his claim also fails. Plaintiff's appellate court docket demonstrates that he was represented by counsel, and thus his right of access to the courts is satisfied as a matter of law. See Tilley v. Allegheny Cty. Jail, 2010 WL 1664900, at *2 (W.D. Pa. Feb. 18, 2010). Moreover, Plaintiff was able to fully litigate his direct appeal.

Finally, Plaintiff's remaining allegations fail, as a matter of law, to state a proper "actual injury." As discussed above, the injury requirement is not satisfied by the frustration of any type of legal claim; it is limited to the hindrance of direct appeals, habeas petitions and § 1983 claims. Thus, any interference with Plaintiff's ability to receive bail or defend a separate criminal action is not actionable.

## IV.  Conclusion

For the reasons set forth above, Defendants' motion for summary judgment will be granted. An appropriate Order follows.

---

any event, it is unclear at this time when and how the district court judge assigned to the case will rule. Therefore, this does not affect the disposition of the present motion.